IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVID BUCIO-MARTINEZ, | § | |
|     Movant, | § | |
| | § | 3:17-cv-2882-D |
| v. | § | 3:16-cr-0468-D (01) |
| | § | |
| UNITED STATES OF AMERICA, | § | |
|     Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The findings, conclusions and recommendation of the United States Magistrate Judge follow:

**I.  Background**

In 2011, David Bucio-Martinez was convicted of false personation in immigration matters, in violation of 18 U.S.C. § 1546, and sentenced to five years of probation. *See* 11-cr-1112-KC-(01) (W.D. Tex. Aug. 24, 2011). While he was on probation, he was convicted of possession with the intent to distribute methamphetamine in the Northern District of Texas, No. 3:15-cr-052-D-(01). He was later charged with – and pleaded true to – violating the terms of his probation, for which he was sentenced to prison for one year and one day, to be served consecutive to his sentence in No. 3:15-cr-052-D-(01). *See* No. 3:16-cr-0468-D (01) (N.D. Tex.), Dkt. No. 14.

Bucio-Martinez filed a direct appeal from his judgment for violating the terms of his

probation, and his appeal remains pending in the United States Court of Appeals for the Fifth Circuit. *See United States v. Bucio-Martinez*, No. 16-11749 (5th Cir.). Although his criminal judgment is not yet final as his direct appeal remains pending, Bucio-Martinez now moves for post-conviction relief under 28 U.S.C. § 2255. *See* Dkt. No. 2.

## II. Discussion

"[A] criminal defendant may not collaterally attack his conviction until it has been affirmed on direct appeal." *Fassler v. United States*, 858 F.2d 1016, 1019 (5th Cir. 1998); *see also United States v. Bernegger*, 661 F.3d 232, 241 (5th Cir. 2011) ("A defendant cannot collaterally attack his conviction until it has been affirmed on direct appeal."). Where, as here, a defendant seeks Section 2255 relief before his conviction is final, the Court should decline to address the Section 2255 motion and dismiss the action without prejudice. *See Bernegger*, 661 F.3d at 241 ("The District Court correctly determined that Bernegger's habeas corpus petition was not ripe for review"); *see also, e.g., Cruz v. United States*, Nos. 3:13-cv-158-B & 3:12-cr-8-B (09), 2013 WL 459932, at * 1 (recommending that the defendant's Section 2255 motion be dismissed without prejudice because it was filed while his direct appeal remained pending). *rec. adopted* 2013 WL 462354 (N.D. Tex. Jan. 16, 2013); *Canales v. United States*, No. 3:07-cv-78-L, 2007 WL 646189, at *1 (N.D. Tex. Feb. 28, 2007) (dismissing the defendant's Section 2255 motion without prejudice because it was filed while his direct appeal remained pending).

## III. Recommendation

It plainly appears from the face of the Section 2255 motion and the record of prior proceedings that Bucio-Martinez is not entitled to post-conviction relief at this time because his direct appeal remains pending. Therefore, Bucio-Martinez's motion to correct, vacate, of set

aside his federal sentence under 28 U.S.C. § 2255 should be summarily dismissed without prejudice.

Signed this 23 day of October, 2017.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).