IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVID BUCIO-MARTINEZ, § | | |
| Movant, § | | |
| § | 3:17-cv-2882-D | |
| v. § | 3:16-cr-0468-D (01) | |
| § | | |
| UNITED STATES OF AMERICA, § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Movant David Bucio-Martinez, a federal prisoner, filed a *pro se* motion under 28 U.S.C. § 2255 to vacate, set-aside, or correct his federal sentence. The District Court referred the resulting civil action to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the Court should deny the motion and summarily dismiss this action.

I.

On August 26, 2011, the United States District Court for the Western District of Texas sentenced Bucio-Martinez to five years' probation for false personation in immigration matters, in violation of 18 U.S.C. § 1546(a). (Crim. Doc. 3 at 7-12).[1] While he was on probation, a federal grand jury indicted Movant on a charge of possession with intent to distribute methamphetamine. *United*

---

[1] When referencing the docket, the Court will designate the Criminal Action No. 3:16-CR-468-D as "Crim. Doc."

*States v. Bucio-Martinez*, Case No. 3:15-52-D (N.D. Tex.). (Crim. Doc. 8 at 1-2). Movant pleaded guilty to the drug offense on July 10, 2015. (*Id.*). Subsequently, in the Western District of Texas, the government moved to revoke Movant's probation, based on the indictment and guilty plea. (Crim. Doc. 9). The petition to revoke Movant's probation was later transferred to the Northern District of Texas. *United States v. Bucio-Martinez*, Case No. 3:16-CR-468-D (N.D. Tex.). (Crim. Doc. 1).

On December 2, 2016, after Movant pleaded guilty and was sentenced in the drug case, the Court conducted a probation-revocation hearing in the immigration case. (Crim. Doc. 19). Movant pleaded true to the allegations in the revocation petition. (Crim. Doc. 19 at 4). The Court revoked Movant's probation and sentenced him to 12-months and one-day imprisonment, to run consecutively to his sentence in the drug case. (*Id.* at 8-9). Movant filed a direct appeal, which the Fifth Circuit dismissed on October 24, 2017. *See United States v. Bucio-Martinez*, 699 F. App'x 358 (5th Cir. 2017).

On May 8, 2017, Movant filed the instant § 2255 motion, in which he argues his attorney provided ineffective assistance by:

> a. "depriv[ing Movant] of a favorable downward adjustment or departure or fail[ing] to prevent an improper upward adjustment [to Movant's] sentence;"
>
> b. failing to advise Movant about, and argue at sentencing for a safety-valve reduction; and
>
> c. falsely informing Movant he would receive a lesser sentence if he pleaded guilty.

2

Movant further argues he qualifies for a fast-track deportation program. On January 25, 2018, the government filed a response arguing Movant's claims lack merit. Movant did not file a reply.

II.

To succeed on a claim of ineffective assistance of counsel, a movant must show "counsel's representation fell below an objective standard of reasonableness," with reasonableness judged under professional norms prevailing at the time counsel rendered assistance. *Strickland v. Washington*, 466 U.S. 668, 690 (1984). The standard requires the reviewing court to give great deference to counsel's performance, strongly presuming counsel exercised reasonable professional judgment. *Id.* The right to counsel does not require errorless counsel; instead, a criminal defendant is entitled to reasonably effective assistance. *Boyd v. Estelle*, 661 F.2d 388, 389 (5th Cir. 1981); *see also Rubio v. Estelle*, 689 F.2d 533, 535 (5th Cir. 1982); *Murray v. Maggio*, 736 F.2d 279, 281-82 (5th Cir. 1984).

Secondly, a movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. The movant must "affirmatively prove," not just allege, prejudice. *Id.* at 693. If he fails to prove prejudice, the court need not address the question of counsel's performance. *Id.*

at 697. Merely presenting "conclusory allegations" of deficient performance or prejudice is insufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

### III.

Most of Movant's argument is simply a recitation and explanation of federal statutes and case law. Movant does not provide any evidence from the record to support his general allegations. For example, Movant claims his attorney told him "he was going to file a motion to the court to get the Safety Valve [to reduce his sentence]" but his attorney "never filed any motions." Doc. 2 at 5. This allegation is not tethered to any facts or support from the record. Movant's mere allegation is insufficient to support a claim of ineffective assistance of counsel. *See Miller* 200 F.3d at 282. The same is true as to the other two conclusory allegations about Movant's counsel's performance. Movant's conclusory allegations are insufficient to entitle him to relief. *Schlang v. Heard*, 691 F.2d 796, 799 (5th Cir. 1982) ("Mere conclusory statements do not raise a constitutional issue in a habeas case.").

Additionally, because two of Movant's claims of ineffective assistance allege counsel was deficient in addressing the sentencing guidelines (claims (a), and (b), above), they can provide no relief. The instant § 2255 motion concerns Movant's probation-revocation hearing. The sentencing guidelines do not apply to sentencing after a movant's probation has been revoked. *See United States v. Teran*, 98 F.3d 831, 836 (5th Cir. 1996) (stating there are no applicable

4

sentencing guidelines after revocation of probation). Rather, for sentencing after probation revocation, policy statements created by the Sentencing Commission are used to calculate a recommended range "only for the violation of the judicial order imposing supervision." USSG Ch. 7, Pt. B, Introduction Commentary. Only the grade of the violation and the defendant's criminal history category are used to arrive at the policy-statement range. *See* USSG § 7B1.4. Therefore, because no "favorable downward adjustment or departure," "improper upward adjustments," or the safety valve were used, or even applicable in calculating Movant's sentence, they cannot form the basis of a claim of ineffective assistance of counsel. Movant fails to demonstrate either deficient performance or prejudice required for relief. *See Strickland*, 466 U.S. at 694.

Next, referencing a memorandum published by the Department of Justice ("DOJ"), Movant appears to argue he qualifies for a form of sentence relief the DOJ terms "Fast-Track Program." The Fast-Track program is applicable to certain persons convicted of illegal re-entry to the United States. *See* Memorandum, Department Policy on Early Disposition or "Fast-Track" Programs, available at http://www.justice.gov/dag/fast-track-program.pdf. However, Movant's case does not concern illegal re-entry. The underlying proceeding at issue in this case is a probation revocation and the sentence imposed pursuant to that revocation. Movant's probation was revoked due to an indictment on a drug charge. Illegal re-entry offenses play no role in this case; thus, they cannot be grounds for relief.

5

Finally, Movant is mistaken as to the scope of the instant § 2255 motion. In the motion, Movant appears to state his counsel was ineffective because he failed to secure a "60 months mandatory minimum [sentence]." Doc. 2 at 12. As previously stated, the sentence at issue in this motion is the sentence imposed following revocation of Movant's probation, which is a sentence of 12-months and one-day imprisonment.

IV.

The Court should DENY the motion and DISMISS this action.

SO RECOMMENDED.

December 13, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. §636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).